UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FARSHAD KHADEMI,

               Plaintiff,

            - against-

AANIKA BIOSCIENCES, INC., et al.,

              Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-05130 (OEM) (JRC)

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Farshad Khademi ("Plaintiff") brings this workplace discrimination action against defendants AANIKA Biosciences Inc. ("AANIKA"), Vishaal Bhuyan ("Bhuyan"), and Ellen Jorgensen ("Jorgensen") ("Defendants"). Specifically, Plaintiff alleges the following: (1) Americans with Disabilities Act ("ADA") discrimination; (2) ADA retaliation; (3) New York State Human Rights Law ("NYSHRL") disability discrimination; (4) NYSHRL sex/gender discrimination; (5) NYSHRL retaliation; (6) New York City Human Rights Law ("NYCHRL") disability discrimination; (7) NYCHRL sex, height, and weight discrimination; (8) NYCHRL failure to engage in interactive process of providing work accommodation; (9) NYCHRL retaliation. First Amended Complaint ("FAC"), ECF 9 ¶¶ 121-324.

      Before the Court is Defendants' fully briefed motion to dismiss the FAC.[1] For the following reasons, Defendants' motion is granted in part and denied in part.

---

[1] Defendants' motion to dismiss the FAC ("Defs' Mot."), ECF 11; Defendants' Memorandum in Support of Motion to Dismiss ("Defs' Mem."), ECF 11-1; Plaintiff's Opposition ("Pl's Opp."), ECF 12; and Defendants' Reply in Support of Motion to Dismiss ("Defs' Reply"), ECF 13.

## BACKGROUND[2]

The following facts are drawn from the FAC and are accepted as true for purposes of the instant motion.  *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

### A.  The Parties

Plaintiff Khademi is male.  FAC ¶ 38.  Plaintiff holds a PhD degree, has completed three postdoctoral fellowships, and has more than twenty-three years of experience in molecular microbial biology and pharmaceutical biotechnology.  *Id.* ¶ 56.  Plaintiff worked for AANIKA as "lead fermentation scientist" from approximately January 2022 to August 30, 2022, at AANIKA's facility in Brooklyn, New York.  *Id.* ¶¶ 55, 61.  As part of his job, Plaintiff designed laboratories and implemented fermentation processes to grow agricultural biological mass ("bio-mass").  *Id.* ¶ 58.  His responsibilities included "providing technical advice to customers," and "assisting in" patent applications, contracts, and "projects requiring fermentation/bioreaction expertise."  *Id.*  His duties also entailed preparing cells for bio-mass growth or production.  *Id.* ¶ 59.

AANIKA is a Delaware corporation authorized to conduct business in New York state.  *Id.* ¶ 8.  The corporation ran a bio-mass fermentation production facility in Brooklyn, New York.  *Id.* ¶¶ 11, 26.  ANNIKA sold bio-mass developed by Plaintiff to customers across multiple states.  *Id.* ¶ 26.

AANIKA employed Plaintiff along with more than fifteen others.  *Id.* ¶¶ 9,14.  Bhuyan was the owner, founder, "chair executive officer", and general manager of AANIKA, when Plaintiff was employed at AANIKA.  *Id.* ¶ 28.  On or about August 30, 2022, Bhuyan told Plaintiff

---

[2] The Court draws the following facts from the facts and allegations contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits.  *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

he was fired. *Id.* ¶ 31. Jorgensen was the chief scientific officer of AANIKA while Plaintiff was employed there. *Id.* ¶ 32.

**B. The Incident**

According to Plaintiff, on or about May 18, 2022, Jorgensen "directed Plaintiff to move a large shaker machine weighing over 200 lbs. [] used in another male scientist named Jamie Richards' [] laboratory to the street[.]" *Id.* ¶ 39. "Based on Jorgenson's [sic] orders, Richards shifted the entire weight of the subject machine onto Plaintiff for Plaintiff to carry the machine outside by himself[,] . . . [which] caused Plaintiff to fall onto the floor with the machine falling on top of him." *Id.* ¶ 65. Plaintiff alleges that none of the female scientists present, including Jorgensen, who observed the incident, attempted to lift the machine off Plaintiff or call for assistance. *Id.* ¶ 40. Instead, Plaintiff alleges that Jorgensen walked away while Plaintiff remained on the floor, beneath the machine, "as if nothing had happened." *Id.* As a result of his fall, Plaintiff sustained serious, disabling injuries to his left knee, lower spine and upper back (thoracic spine injuries). *Id.* ¶ 65.

Plaintiff alleges that Jorgensen and Bhuyan had ordered Plaintiff to lift the machine "to avoid the cost of hiring movers or an industrial waste removal company with physically qualified staff with proper tools." *Id.* ¶ 41.

Plaintiff further alleges that "Jorgenson [sic] and Bhuyan unreasonably ordered Plaintiff to remove the excessively heavy machine that caused him disabling injuries solely because he was a male employee approximately 6 feet tall and 200lbs[.]" *Id.* ¶ 42. "Based on Plaintiff's male sex/gender[,] Defendants took adverse employment action against Plaintiff by assigning him tasks that were 'arduous and dirtier[.]'" *Id.* ¶ 43. According to Plaintiff, Jorgensen and Bhuyan did not order the female staff scientists "who were relatively smaller in physical stature" to move or assist

Plaintiff with moving the subject machine. *Id.* ¶ 44. "But for Plaintiff's male sex/gender, Jorgensen and Bhuyan would not have ordered Plaintiff to move the [] machine that was [the] proximate cause of his subject injuries." *Id.* ¶ 45.

### C. AANIKA's Response to Plaintiff's Accommodations Request

On or about May 18, 2022, Plaintiff informed Josh Koch, AANIKA's director of human resources ("HR"), that he was injured as a result of moving the machine. *Id.* ¶¶ 46-47. According to Plaintiff, Koch responded by instructing Plaintiff to use his accrued paid-time-off ("PTO") and/or sick hours for the time Plaintiff needed to attend his medical appointments and to recover from his injuries. *Id.* ¶ 48.

Around July 2022, Plaintiff alleges that Koch "warned Plaintiff that he was taking too many hours to go to medical appointments and physical therapy." *Id.* ¶ 49. Shortly after Koch's warning, Plaintiff's physician sent Defendants a letter explaining that Plaintiff needed, and his insurance required him, to attend medical appointments to recover. *Id.* During that same period, in or about July 2022, Plaintiff alleges that his doctors diagnosed him as disabled, referred him to physical therapy twice a week, and directed him to attend follow-up medical appointments. *Id.* ¶ 85.

On or about August 29, 2022, Plaintiff emailed Koch to request that his accrued PTO and/or sick hours of about 15 workdays be applied to future physical therapy sessions. *Id.* ¶ 86. On August 30, 2022, Bhuyan verbally terminated Plaintiff, and Koch memorialized Plaintiff's termination in a subsequent email. *Id.* ¶ 50.

Plaintiff alleges that his termination was retaliatory because it was in close temporal proximity to his protected activities including "a) opposing and complaining . . . [about] Defendants' employment practices of assigning [Plaintiff] unreasonable physical tasks that were outside of his work duties that resulted in his injuries and subsequent disability; and b) opposing

Koch's warning that Plaintiff took too many PTO hours for physical therapy and medical appointments which included a letter sent by Plaintiff's medical doctor on Plaintiff's behalf to Defendants [.]" *Id.* ¶ 93. Plaintiff further alleges he was qualified for his position and that the hours of work he missed because of physical therapy could be remedied by a reasonable modification of his work schedule. *Id.* ¶¶ 89-90.

### D. Procedural History

On September 17, 2024, Plaintiff filed this action asserting nine causes of action. *See* FAC. On December 2, 2024, Defendants filed their fully briefed motion to dismiss.

## LEGAL STANDARD

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering this motion, the Court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

**DISCUSSION**

Defendants argue Plaintiff's complaint[3] should be dismissed for failure to state a claim upon which relief can be granted. *See* Defs' Mem. Plaintiff opposes Defendants' arguments for dismissal. *See* Pl's Opp.

**A. ADA Claims**

**1. Disability Discrimination Under the ADA**

To make out a case under the ADA at the pleading stage,[4] a plaintiff must allege that: (1) his "employer is subject to the ADA"; (2) he is "disabled within the meaning of the ADA"; (3) he is "otherwise qualified to perform the essential functions of [his] job, with or without reasonable accommodation"; and (4) he "suffered adverse employment action because of [his] disability." *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, 767 F. App'x. 123, 127 (2d Cir. 2019) (citing *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004)). At the pleading stage, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation[.]" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2004) (internal quotations omitted). However, even under this "minimal burden," *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015), the plaintiff must allege sufficient allegations to "nudge[ ] [his]

---

[3] The FAC contains the following causes of action (1) ADA discrimination; (2) ADA retaliation; (3) NYSHRL disability discrimination; (4) NYSHRL sex/gender discrimination; (5) NYSHRL retaliation; (6) NYCHRL disability discrimination; (7) NYCHRL sex, height, and weight discrimination; (8) NYCHRL failure to engage in interactive process of providing work accommodation; and (9) NYCHRL retaliation. FAC ¶¶ 121-324.

[4] The *McDonnell Douglas* standard does not apply during the pleading stage. "[T]he survival of a complaint under Rule 12(b)(6) scrutiny in an employment discrimination case 'does not rest on whether it contains specific facts establishing a prima facie case under *McDonnell Douglas*.'" *Figueroa v. RSquared NY, Inc.*, 89 F. Supp. 3d 484, 489 (E.D.N.Y. 2015) (Spatt, J.) (quoting *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F. Supp. 2d 228, 236 (E.D.N.Y. 2011)); *Figueroa*, 89 F. Supp. 3d at 489; *Fanelli v. New York*, 51 F. Supp. 3d 219, 231 (E.D.N.Y. 2014); *Friel v. Cnty of Nassau*, 947 F. Supp. 2d 239, 251 (E.D.N.Y. 2013); *see also Gonzalez v. Carestream Health, Inc.*, 520 F. App'x 8, 9-10 (2d Cir. 2013) ("To survive a motion to dismiss, a complaint alleging workplace discrimination . . . need not allege specific facts establishing a prima facie case of discrimination under *McDonnell Douglas* . . . ."). "The *prima facie* case under *McDonnell Douglas* [] is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).

claims across the line from conceivable to plausible," *Vega*, 801 F.3d at 87 (first alteration in original) (quoting *Twombly*, 550 U.S. at 570).

Here, Defendant AANIKA does not dispute that Plaintiff has stated sufficient facts to plausibly allege that AANIKA is a qualified employer under the ADA, that Plaintiff was disabled within the meaning of the ADA, or that Plaintiff was qualified to perform the essential functions of his job. *See* Defs' Mem. Defendant only disputes that Plaintiff has plausibly alleged the fourth element of an ADA discrimination claim: that he suffered an adverse employment action because of his disability. *See* Defs' Mem. at 19-20. AANIKA argues that Plaintiff fails to allege facts that show that AANIKA discriminated against Plaintiff "on the basis of" Plaintiff's disability (his injured spine and knee). *See id.*

To survive Defendant AANIKA's motion to dismiss Plaintiff's ADA discrimination claim, Plaintiff's FAC needs to allege facts making it plausible that he suffered an adverse employment action in part because of his disability. *See Witcher v. New York City Dep't of Educ.*, 23-465, 2024 WL 3220264, at *1 (2d Cir. June 28, 2024) (quoting *Natofsky v. City of New York*, 921 F.3d 337, 348-50 (2d Cir. 2019) ("[T]he ADA requires a plaintiff alleging a claim of employment discrimination to prove that discrimination was the but-for cause of any adverse employment action.")); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000) (explaining that the ADA "cover[s] situations in which discrimination on the basis of disability is one factor, but not the only factor, motivating an adverse employment action[.]").

Plaintiff has done so here. Plaintiff alleges that he had to miss work to attend physical therapy because of his disability, FAC ¶ 90; that Defendants warned Plaintiff he took too much time off to attend physical therapy sessions, *id.* ¶ 49; that after Defendants' warning, Plaintiff's physician wrote a letter explaining that Plaintiff "required physical therapy and medical

appointments to recover[,]" *id.*; that shortly after Plaintiff asked to apply his accrued PTO/sick hours to attend medical appointments and physical therapy sessions, Bhuyan verbally terminated Plaintiff, and Koch emailed Plaintiff confirming the verbal termination, *id.* ¶¶ 50-51.  Thus, Plaintiff has alleged facts that make it plausible that the medical treatment his disability required him to obtain was a but-for cause of his termination.  Therefore, Plaintiff has plausibly alleged that he was terminated because of his disability.  Defendants' motion to dismiss Plaintiff's ADA discrimination claim is denied.

### 2. Retaliation for Being Disabled under the ADA

To survive a motion to dismiss an ADA retaliation claim, a plaintiff must plausibly allege that: "[(1)] he engaged in a protected activity, [(2)] that he suffered an adverse employment action, and [(3)] that a causal connection exists between that protected activity and the adverse employment action." *Ibela v. Allied Universal*, 21-CV-1995, 2022 WL 1418886, at *2 (2d Cir. May 5, 2022) (quoting *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72-73 (2d Cir. 2019)); *Clark v. Coca-Cola Bevs. Northeast Inc.*, 2022 WL 92060, at *5 (2d Cir. Jan. 10, 2022) (same). Plaintiff's burden as to this showing is "minimal[.]"  *Perez v. City of New York*, 843 F. App'x 406, 407 (2d Cir. 2021) (first citing *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010); and then citing *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002)).  The parties dispute whether the allegations in the FAC meet the first and third elements.

### a. Protected Activity

Plaintiff alleges that he engaged in the following protected activities: (1) "opposing Defendant[s'] [denial of Plaintiff's] accrued and unused PTO and/or sick hours or paid medical leave for medical treatment and rehabilitation purposes during on or about July and August 2022[,]" (2) sending a "letter to Defendants [explaining] that Plaintiff required physical therapy to

recover" from his injuries, through Plaintiff's physician, (3) sending an email to Bhuyan and Koch complaining that Plaintiff was in physical pain and had limited mobility because Jorgensen tasked him with performing "dangerous" and "humiliating work", and (4) filing a worker's compensation claim that was noticed to Defendant by the worker's compensation board and/or Defendant's insurance company that allegedly increased Defendants' insurance costs.  FAC ¶¶ 104-05, 135, 194-95.

Only Plaintiff's first and second activities constitute protected activities under the ADA. "The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination."  *Wright v. Monroe Cnty. Hosp.*, 493 F. App'x 233, 236 (2d Cir. 2012).  "When an employee communicates to her employer a belief that the employer has engaged in a form of employment discrimination, that communication *virtually always* constitutes the employee's opposition to the activity."  *Farmer v. Shake Shack Enters., LLC*, 473 F. Supp. 3d 309, 331 (S.D.N.Y. 2020), (emphasis in original) (quoting *Littlejohn*, 795 F.3d at 317).  "A plaintiff's complaint qualifies as protected activity so long as the plaintiff had 'a good faith, reasonable belief that she was opposing an employment practice made unlawful by [the relevant statute].'"  *Vaughn v. Empire City Casino at Yonkers Raceway*, 14-CV-10297 (KMK), 2017 WL 3017503, at *20 (S.D.N.Y. July 14, 2017) (citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)); *see also Hazelwood v. Highland Hosp.*, 763 F. App'x 60, 62 (2d Cir. 2019).

"Activities protected by the ADA include complaints of ADA discrimination . . . and requests for reasonable accommodation."  *Flieger v. E. Suffolk BOCES*, 693 F. App'x 14, 18 (2d Cir. 2017); *see Treglia*, 313 F.3d at 720 ("[A]ttempts to assert . . . rights against discrimination are protected activities."); *Frantti v. New York*, 850 F. App'x 17, 21 (2d Cir. 2021) (same); *Summa v.*

9

*Hofstra Univ.*, 708 F.3d 115, 126-27 (2d Cir. 2013).  "'A plaintiff seeking to demonstrate that [he] engaged in protected activity need not show that the behavior [he] opposed in fact violated . . . the ADA."  *Cooper v. New York State Dep't of Labor*, 819 F.3d 678, 680-81 (2d Cir. 2016) (per curiam); *see also Mitchell v. Planned Parenthood of Greater N.Y.*, 2024 WL 3849192, at *14 (S.D.N.Y. Aug. 16, 2024).  Rather, a plaintiff must allege that the protected activity "was motivated by a good faith, reasonable belief that the underlying employment practice was unlawful" and was based on a protected characteristic.  *Mitchell*, 2024 WL 3849192, at *14; *see also Kelly*, 716 F.3d at 14.  "Requesting a reasonable accommodation of a disability is an ADA-protected activity."  *Rodriguez v. Atria Senior Living Grp., Inc.*, 887 F. Supp. 2d 503, 512 (S.D.N.Y. 2012) (citing *Weixel v. Bd. of Educ.*, 287 F.3d 138, 149 (2d Cir. 2002)); *see Weekes v. JetBlue Airways Corp.*, 21-CV-1965 (MKB), 2022 WL 4291371, at *14 (E.D.N.Y. Sept. 16, 2022) (same) (collecting cases).

Plaintiff has plausibly alleged that his complaints about and opposition to Defendants' denial of accommodations were "motivated by a good faith, reasonable belief that the underlying employment practice[s] w[ere] unlawful" under the ADA.  *Rivera v. Rochester Genesse Reg'l Transp. Auth.*, 743 F.3d 11, 24 (2d Cir. 2012) (quotation marks and citation omitted).  Plaintiff alleges that following "Koch['s] warn[ing] [to] Plaintiff . . . that he was taking too much PTO for medical treatment[,]" Plaintiff "repeatedly demanded"  "to use his accrued PTO/ sick hours for medical treatment from on or about July 2022 through on or about August 29, 2022[.]"  FAC ¶ 318.  Plaintiff had his physician write and send a letter in support of his request to attend those sessions.  *Id.* ¶ 96.  Plaintiff alleged that, despite Koch's prior warnings, he "made a final request that Defendants apply his accrued and rightful PTO/sick hours to his medical appointments and physical therapy[,]" and the day after this request he was fired.  *Id.*  Plaintiff alleges that

"Defendants had several work schedule modifications available for Plaintiff to make up work hours at the time he was warned about taking too much time for medical treatment and at the time Plaintiff was denied any discussions of and was not given accommodations and/or discharged." *Id.* ¶ 247.   Plaintiff also alleges that "after Plaintiff applied his accrued sick hours and/or accrued PTO hours to attend medical appointments and/or physical therapy, Defendant retaliated by placing a disciplinary note [in] Plaintiff's employment file and warned Plaintiff for taking too much paid time off for medical purposes."[5]  *Id.* ¶ 187.

Plaintiff has also plausibly alleged that the letter his physician sent to Defendants was an extension of his attempt to obtain reasonable accommodations.   Defendants argue that the letter sent by Plaintiff's physician to Defendants is insufficient to constitute protected activity because the physician—not Plaintiff—actually wrote and sent the letter.   Defs' Mem. at 23.   This argument is unavailing.   The physician's letter was provided at Plaintiff's request in support of an ongoing conversation that Plaintiff initiated when seeking accommodations from his employer.   FAC ¶ 49. Although the physician actually sent the letter to Defendants, *id.* ¶ 96, the use of the physician's letter as part of Plaintiff's accommodations request is functionally no different than cases where plaintiffs solicit from their doctor a letter and then personally submit that letter to their employer. Courts in the Second Circuit have repeatedly held that the latter circumstance constitutes protected activity.   *See Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 268 (E.D.N.Y. 2015) ("[P]laintiff's discussion with his supervisor and the provision of a doctor's note regarding his back impairment qualifies as participating in protected activity.").   Therefore, the Court rejects Defendants' argument that the sending of the letter does not constitute protected activity under the ADA.

---

[5] Plaintiff alleges this instance of retaliation in relation to his ADA retaliation claim only.

However, Plaintiff has not plausibly alleged that sending his May 19, 2022 email constitutes protected activity. Plaintiff alleges that he "stat[ed] in an email dated on or about May 19, 2022 to Bhuyan that Plaintiff's injuries that were sustained and [his] ensuing pain was in relevant part, 'Thanks to the humiliation of Sr. scientists by asking them to lift and carry a 200 pound old shaker, or a huge autoclave to/from a parking lot on the other side of the street.'" FAC ¶ 95. Plaintiff alleges that this email "clearly opposed Defendant's improper employment practices of assigning unreasonable, dangerous and out of duty tasks to him[.]" *Id.* ¶ 95. Plaintiff further alleges that he generally opposed Defendants' "unlawful employment practice of ordering him, a scientist[,] to perform dangerous or 'humiliating' out of duty tasks to remove the subject machine[.]" *Id.* ¶ 194.

Plaintiff's allegations about his email and general opposition to Defendants' request to move the machine do not support a "good faith, reasonable belief that the underlying challenged actions" were unlawful. *Kelly*, 716 F.3d at 17 ("Although particular words such as 'discrimination' are certainly not required to put an employer on notice of a protected complaint, neither are they sufficient to do so if nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory."). The Second Circuit has "repeatedly held that generalized grievances about an unpleasant or even harsh work environment, without more, do not reasonably alert an employer of *discriminatory* conduct and therefore fail to rise to the level of protected activity." *Green v. Mount Sinai Health Sys., Inc.*, 826 F. App'x 124, 125 (2d Cir. 2020). If anything, Plaintiff's alleged "protected activity" was taken to protest or oppose perceived gender-based discrimination—instead of disability discrimination—which is not protected under the ADA. *Molinari v. Costco Cap. Inc.*, 24-CV-02594 (HG), 2025 WL 1135428, at *5 (E.D.N.Y. Apr. 17, 2025) (citing *Treglia*, 313 F.3d at 719-20) ("To establish a retaliation claim under the

ADA, a plaintiff must adequately plead, among other things, that he suffered an adverse employment action because he engaged in a protected activity under the ADA, such as an attempt to assert his disability rights.").  Therefore, as pleaded, the May 19, 2022 email and general opposition do not constitute opposition to an improper employment practice under the ADA and thus cannot support a retaliation claim under the ADA.

Plaintiff's filing of a worker's compensation claim related to the incident also does not constitute a protected activity under the ADA.  "The Second Circuit has made clear that [collecting a workers' compensation award] is not protected under the ADA or NYSHRL."  *See Bennett v. Project Renewal, Inc.*, 627 F. App'x. 29, 31 (2d Cir. 2015) ("discrimination and retaliation based on [ ] filing of a workers' compensation claim do not allege membership in any class or engagement in any activity protected by . . . the ADA").  Therefore, Plaintiff's worker's compensation allegation cannot support an ADA retaliation claim.  In sum, the only protected activities Plaintiff engaged in were those related to his accommodation requests: (1) his PTO requests and (2) his physician's letter.

### b.  Adverse Employment Action

Plaintiff alleges two instances of adverse employment actions: (1) Defendants allegedly placed "disciplinary notes [in] Plaintiff's employment file for taking PTO", FAC ¶¶ 104, 195, and (2) Defendants terminated Plaintiff from his employment, *id.* ¶¶ 162, 169.

The Supreme Court held in the Title VII context that to establish an adverse employment action, a plaintiff "must [merely] show some harm respecting an identifiable term or condition of employment."  *Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, 355 (2024).  Although the Second Circuit has not yet clarified whether the standard for an adverse employment action under the ADA also changed following the Supreme Court's decision in *Muldrow*, the definition of an adverse

employment action under Title VII is the same as under the ADA, *Richards v. Dep't of Educ. of N.Y.C.*, 21-CV-338 (LJL), 2022 WL 329226, at *8 (S.D.N.Y. Feb. 2, 2022), and courts in this Circuit have held that *Muldrow* applies to ADA discrimination cases. *See Mitchell v. Planned Parenthood of Greater N.Y.*, 745 F. Supp. 3d 68, 91 (S.D.N.Y. 2024); *see also Cangro v. N.Y.C. Dep't of Fin.*, 23-CV-10097 (LAP), 2024 WL 4582369, at *2 (S.D.N.Y. Oct. 25, 2024). Consequently, the Court applies this standard when analyzing Plaintiff's alleged adverse employment actions.

Here, because the mere existence of disciplinary notes does not constitute "some harm respecting an identifiable term or condition of employment[,]" the notes Plaintiff allegedly received do not constitute adverse employment actions. Plaintiff alleges that he was terminated on August 30, 2022. This constitutes an adverse employment action. *Rodriguez v. Atria Sr. Living Grp., Inc.*, 887 F. Supp. 2d 503, 512 (S.D.N.Y. 2012) ("Of course, there is no dispute that termination is an adverse employment action"); *see Weekes*, 2022 WL 4291371, at *15 (collecting cases). Defendants do not dispute that termination is an adverse employment action. Therefore, the only adverse employment action Plaintiff plausibly alleges under the ADA is his termination.

### c.  Causal Connection

To plead a retaliation claim, "a plaintiff must show that a causal connection existed between the protected activity and the adverse action." *Weekes*, 2022 WL 4291371, at *15 (cleaned up). A plaintiff can plead facts sufficient to demonstrate a causal connection: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Natofsky*, 921 F.3d at 353 (quoting *Littlejohn*, 795 F.3d at 319). "The causal

connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 224 (2d Cir. 2001) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)); *see Ibela*, 2022 WL 1418886, at *2 (quoting *Gorman-Bakos v. Cornell Co-Op Ext. of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001)) (finding that a gap of two months between a protected activity and adverse action was sufficient to plausibly allege causation).

Defendants argue that Plaintiff's claim that his employment was terminated on August 30, 2022 in response to his August 29, 2022 request to apply his accrued PTO hours to physical therapy and medical appointments is unfounded.  Defendants note that AANIKA had already repeatedly allowed Plaintiff to take PTO for his injuries.[6]  Here, construing the facts in Plaintiff's favor, it is plausible that Plaintiff's request on August 29, 2022 was the final straw for Defendants who were fed up with Plaintiff's serial accommodation requests and who decided to terminate him. Therefore, Plaintiff's termination the day after he requested accommodations was sufficiently close in time to plausibly suggest causation between the two events.  Plaintiff's "discharge was also in close proximity [to] the [August 2022] letter sent to Defendants by Plaintiff's physician shortly after Koch's warning, that physical therapy was required for Plaintiff's recovery and by the insurance company."  FAC ¶ 182.

Accordingly, the Court finds that Plaintiff has sufficiently alleged a retaliation claim under the ADA and denies Defendants' motion to dismiss this claim.

---

[6] Defendants also make additional arguments founded on facts not in the FAC.  However, the Court declines to engage with these facts.  As stated above, in considering a motion to dismiss, the Court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *Hayden*, 180 F.3d at 54.

### B. Claims under NYSHRL

Plaintiff asserts the following claims against AANIKA, Bhuyan, and Jorgensen under the NYSHRL: (1) discrimination based on disability, (2) discrimination based on sex/gender, and (3) retaliation. *See generally* FAC. Defendants seek dismissal of all three claims.

#### 1. Disability Discrimination Under the NYSHRL

The elements of a NYSHRL disability discrimination claim are the same as those of an ADA disability discrimination claim except the definition of disability is "broader" under the NYSHRL. *Marquez v. Starett City Assocs.*, 406 F. Supp. 3d 197, 207 (E.D.N.Y. 2017). Here, however, the parties do not dispute that Plaintiff was disabled under the NYSHRL, and therefore the Court incorporates its ADA disability discrimination analysis here. *See supra* Discussion Section A.1. Moreover, because "the standard for pleading a disability discrimination claim under the NYSHRL and NYCHRL is more lenient than the ADA standard," *Weekes*, 2022 WL 4291371, at *8 (citing *Jones v. New York City Transit Auth.*, 838 F. App'x 642, 644 n.1 (2d Cir. 2021)), and Plaintiff plausibly alleges ADA disability discrimination, Plaintiff's claims under the NYSHRL also survive.

##### a. Against AANIKA

As explained above, *see supra* Discussion Section A.1., Plaintiff has alleged facts sufficient to make plausible that a discriminatory motive with respect to Plaintiff's disability was one of the motivating factors for AANIKA's termination of Plaintiff. Therefore, Defendants' motion to dismiss Plaintiff's NYSHRL disability discrimination claim against AANIKA is denied.

##### b. Against Bhuyan and Jorgensen

Having determined that Plaintiff has stated a claim for discrimination against AANIKA, the employer entity, the Court considers whether the FAC also alleges sufficient facts to state a

claim against Bhuyan and Jorgensen individually under the NYSHRL.  Defendants summarily argue that "[f]or the same reasons why the [First] Amended Complaint fails to plead a disability discrimination claim against AANIKA under the ADA, it fails to plead such a claim against all Defendants under the NYSHRL."  Defs' Mem. at 21.

An employee may be held liable for discrimination under the NYSHRL only under an aiding and abetting theory, which the Second Circuit has construed "to allow for liability where a co-worker 'actually participates in the conduct giving rise to the discrimination claim.'"  *Lee v. Riverbay Corp.*, 22-CV-7504 (LTS), 2024 WL 4312166, at *15 (S.D.N.Y. Sept. 27, 2024) (quoting *Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2004)).

Plaintiff has adequately alleged that Bhuyan is individually liable under the NYSHRL because Bhuyan was aware of Plaintiff's injuries, FAC ¶¶ 41, 79-80, and soon after Plaintiff made an accommodation request related to his injuries and disability, Bhuyan verbally terminated Plaintiff, *id.* ¶ 50.

However, while Plaintiff has alleged facts establishing Jorgensen's role in the incident that led to Plaintiff's injuries, Plaintiff has not alleged facts linking Jorgensen to Plaintiff's termination. Plaintiff's allegations, related to Jorgensen's authority and control, Jorgensen's role in Plaintiff becoming disabled, and Jorgensen's refusal to help Plaintiff in the aftermath of the incident, *id.* ¶ 40, do not link Jorgensen to an adverse employment action against Plaintiff.  Further, Plaintiff has not sufficiently alleged some other non-termination adverse action by Jorgensen, against Plaintiff, because of Plaintiff's disability.  Therefore, Plaintiff has not alleged facts to support his NYSHRL

disability discrimination claim against Jorgensen individually. Accordingly, Defendants' motion as to Plaintiff's NYSHRL claim against Bhuyan is denied and as to Jorgensen is granted.

### 2.  Gender or Sex Discrimination under the NYSHRL

Historically, to bring a gender/sex discrimination claim under the NYSHRL, a plaintiff needed to allege that "(1) [he] was within the protected class; (2) [he] was qualified for the position; (3) [he] was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Farmer*, 473 F. Supp. 3d at 324 (quoting *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019)). And while the NYSHRL once aligned with Title VII, the Second Circuit has explained in the context of retaliation claims that "it was amended in 2019 to align with the NYCHRL's more liberal pleading standard." *Qorrolli v. Metro Dental Assocs., D.D.S.*, 124 F.4th 115, 122-23 (2d Cir. 2024). That reasoning applies with equal force to NYSHRL disparate treatment claims. *Puris v. TikTok Inc.*, 24-CV-944 (DLC), 2025 WL 343905, at *10 (S.D.N.Y. Jan. 30, 2025).

To state a claim for discrimination for causes of action that accrue after October 11, 2019, thus under the amended NYSHRL, *Lee*, 2024 WL 4312166, at *5, a plaintiff must allege only that the plaintiff was "treated 'less well' . . . because of a discriminatory intent, i.e., that the unequal treatment was based, at least in part, on a protected characteristic." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Other courts in this Circuit have "assume[d]" for purposes of a Rule 12(b)(6) motion "that the amended NYSHRL aligns with the NYCHRL." *Wright* v. *City of New York*, 23-CV-3149 (KPF), 2024 WL 3952722, at *6 (S.D.N.Y. Aug. 27, 2024). As the amended NYSHRL standard is, at the very least, "closer to" the NYCHRL standard, *Wellner v. Montefiore Med. Ctr.*, 17-CV-3479, 2019 WL 4081898, at *5 n.4 (S.D.N.Y. Aug. 29, 2019), to view the Amended Complaint in the light most favorable to Plaintiff, the Court

assumes for purposes of this motion that the amended NYSHRL aligns with the NYCHRL.  Under this standard a plaintiff need not allege that he suffered an adverse employment action or that "discriminatory animus was the but-for cause or even the primary motivation of their alleged mistreatment."  *Delo* v. *Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 183 (S.D.N.Y. 2023).  Rather, they must allege only that they have been "treated less well at least in part because of [their] gender."  *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Mihalik*, 715 F.3d at 110); *Kulick v. Gordon Prop. Grp., LLC*, 23-CIV-9928 (KPF), 2025 WL 448333, at *8 (S.D.N.Y. Feb. 7, 2025).  A plaintiff only needs to allege that he was treated "differently from others in a way that was more than trivial, insubstantial, or petty."  *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 329 n.18 (S.D.N.Y. 2015) (quoting *Kellman v. Metro. Transp. Auth.*, 8 F. Supp. 3d 351, 379 (S.D.N.Y. 2014)).  For example, even a "single comment that objectifies women . . . made in circumstances where that comment would, for example, signal views about the role of women in the workplace [can] be actionable."  *Williams* v. *N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 41 n.30 (1st Dep't 2009); *see also Mihalik*, 715 F.3d at 114 ("*Williams* made clear . . . that . . . [the defendant's] alleged mistreatment of [the plaintiff] would be actionable under the NYCHRL *even if it was unrelated to her discharge* and was neither severe nor pervasive.").  "An inference of discrimination can arise from circumstances including, but not limited to, [an] employer's criticism of [a] plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge."  *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 580 (2d Cir. 2020) (citing *Littlejohn*, F.3d at 312) (internal quotation marks omitted).

Plaintiff has sufficiently alleged that he is male and thus is a member of a protected group, *see* 42 U.S.C. § 2000e-2(a)(1) (prohibiting employment discrimination on the basis of sex) and that he was qualified for the position he held.  However, Plaintiff has not plausibly alleged that he suffered an adverse employment action.

Here, Plaintiff fails to allege non-conclusory facts that provide "at least minimal support for the proposition that the employer" treated Plaintiff less well because of "discriminatory intent." *Littlejohn*, 795 F.3d at 311.  Instead, Plaintiff alleges, in a broad and conclusory fashion, that the singular instance of him being directed to move heavy machinery, without any comment or indication regarding gender, must have been motivated by discriminatory intent.  Plaintiff alleges no specific facts to lend support for that proposition.  According to Plaintiff, his allegations are "sufficient for the Court to infer that Plaintiff's male sex/gender and/or weight and height [were] each, a motivating factor in part, for Defendant Jorgensen to have singled him out for unequal treatment to move the 200 [pound] machine on or about May 18, 2022."  Pl's Opp. at 21-22.

Attempting to identify comparators, Plaintiff alleges "[b]ased upon information and belief, neither Jorgenson [sic] nor Bhuyan ordered any female staff/scientists to move or assist in moving the subject machine on or about May 18, 2022.  But for Plaintiff's male sex/gender with attributes of relatively larger height (approximately 6 feet) and/or weight (approximately 200 lbs) than his female co-workers/scientists, neither Jorgenson [sic] nor Bhuyan would have ordered Plaintiff to move the subject machine from the lab to the street by himself."  *Id.* ¶¶ 71-72.  These allegations are conclusory because Plaintiff does not plead facts suggesting that he was similarly situated to these female co-workers/scientists,[7] his allegation pertains to one specific machine on that specific

---

[7] Plaintiff's allegations do not suggest that his female comparators who were purportedly not asked to move the machinery "were subject to the same performance evaluation and discipline standards." *Cooper v. Templeton*, 629 F. Supp. 3d 223, 231 (S.D.N.Y. 2022), *aff'd sub nom. Cooper v. Franklin Templeton Invs.*, 22-2763-CV, 2023 WL 3882977 (2d Cir. June 8, 2023) (collecting cases).

day, and Plaintiff makes no allegations about whether female co-workers were asked to move heavy machinery on other days.

Plaintiff fails to sufficiently alleged that his employers had discriminatory intent or that his termination occurred under circumstances that establish a plausible inference of sex-based discrimination. *See Jones v. Target Corp.*, 15-CV-4672 (MKB), 2016 WL 50779, at *3 (E.D.N.Y. Jan. 4, 2016) (explaining that, "[i]n the absence of direct evidence of the decision maker['s] discriminatory intent, courts focus on whether a plaintiff's allegations support a 'plausible inference of discrimination.'" (quoting *Vega*, 801 F.3d at 87). Plaintiff's allegations are insufficient to allege unequal treatment based on sex. Plaintiff's allegations demonstrate that Plaintiff is a man, and that Defendant Jorgensen directed Plaintiff—instead of his female colleagues—to move a heavy piece of machinery. Plaintiff does not allege additional facts to support his claim. For example, Plaintiff does not allege that Jorgensen regularly asked male employees to move heavy machinery instead of asking equally-available female employees. Nor does Plaintiff allege that Jorgensen indicated that Plaintiff's sex motivated her request, or that Defendants exhibited other discriminatory behavior toward men. This is a sample size of one. Without more, the Court cannot conclude that these allegations amount to more than an employee's complaint that he was asked to do something outside of his job description. As Defendants put it, "[t]he fact that a man was chosen to perform one task on one occasion is not sufficient to show that he was chosen because he was a man." Defs' Mem. at 17.

Therefore, Defendants' motion to dismiss Plaintiff's NYSHRL sex discrimination claim is granted.

### 3. Retaliation under the NYSHRL

To state a claim of retaliation under the NYSHRL, that accrued after 2019,[8] a plaintiff must plausibly allege that: (1) he participated in a protected activity; (2) the defendant knew about his participation in a protected activity; (3) the defendant engaged in an employment action that disadvantaged the plaintiff in any manner; and (4) a causal connection existed between the protected activity and the defendant's conduct.  *See Palmer v. eCapital Corp.*, 23-CV-4080, 2024 WL 3794715, at *11 (S.D.N.Y. Aug. 13, 2024) (same) (quoting *Fattoruso v. Hilton Grand Vacations Co.*, 525 F. App'x 26, 27 (2d Cir. 2013)); *see also Wright*, 2024 WL 3952722, at *10 (explaining that "[r]etaliation victims are provided with broader protection . . . under the post-amendment NYSHRL—than their federal counterpart" because a "plaintiff need not prove any 'adverse' employment action; instead, [he] must prove that something happened that would be reasonably likely to deter a person from engaging in protected activity").

Under the NYSHRL, unlike the ADA, a "request for a reasonable accommodation is not considered a protected activity."  *See Marshall v. Westchester Med. Ctr. Health Network*, 22-CV-7990, 2024 WL 665200, at *14 (S.D.N.Y. Feb. 16, 2024) (explaining that "a request for reasonable accommodation is not a protected activity for purposes of a retaliation claim" under the NYSHRL (quoting *Mejia v. City of New York*, 17-CV-2696, 2020 WL 2837008, at *13 (E.D.N.Y. May 30, 2020))); *Scarville v. Living Res. Corp.*, 21-CV-807, 2022 WL 4365863, at *11 (N.D.N.Y. Sept. 21, 2022) ("[T]he NYSHRL does not include requests for reasonable accommodation as 'protected activity.'" (citations omitted)); *see also Nofal v. IMCMV Times Square LLC*, 22-CV-3104, 2024

---

[8] *See Meckeler v. Cornell Univ.*, 23-CV-773, 2024 WL 3535488, at *11 (N.D.N.Y. July 25, 2024) ("[F]or claims that accrue on or after the effective date of the NYSHRL October 11, 2019 amendments, the standard for such claims is 'closer to the standard under the NYCHRL.'" (quoting *Wellner*, 2019 WL 4081898, at *5 n.4)); *Thompson v. Shutterstock, Inc.*, 23-CV-4155, 2024 WL 2943813, at *25 (S.D.N.Y. June 10, 2024) ("[T]he legislature amended the NYSHRL in 2019, and thus any claims based upon acts of . . . retaliation that occurred after October 11, 2019 are analyzed under a different standard.").

WL 1138928, at *10 (S.D.N.Y. Mar. 15, 2024) ("The standards used to evaluate retaliation claims under [the NYSHRL and NYCHRL] either parallel or are more generous to plaintiffs than those under the ADA." (citations omitted)); *Medina v. AAM 15 Mgmt. LLC*, 750 F. Supp. 3d 332, 346 (S.D.N.Y. 2024) (collecting cases).

As explained above, *see supra* Discussion Section A.2., Plaintiff has alleged that he engaged in four protected activities: (1) "opposing Defendant's [denial of Plaintiff's] accrued and unused PTO and/or sick hours or paid medical leave for medical treatment and rehabilitation purposes during on or about July and August 2022[,]" (2) sending a "letter to Defendants [explaining] that Plaintiff required physical therapy to recover" from his injuries through his physician, (3) sending an email to Bhuyan and Koch complaining that he was in physical pain and had limited mobility, because of Jorgensen's tasking him with performing "dangerous" and "humiliating work", and (4) filing a worker's compensation claim that was noticed to Defendant by the worker's compensation board and/or Defendant's insurance company and thus allegedly increasing Defendants' insurance costs. FAC ¶¶ 104-05, 135, 194-95. Of Plaintiff's four alleged protected activities, none constitute protected activities under the NYSHRL. Activities one and two relate to accommodations and activity three is not protected because it is not related to something unlawful under the NYSHRL,[9] and activity four does not constitute protected activity. *See Dipinto v. Westchester Cnty.*, 18-CV-00793 (PMH), 2020 WL 6135902, at *7 (S.D.N.Y. Oct.

---

[9] The email is silent on gender or any hint of an allegation of discrimination. Therefore, even though the category of conduct that a person may reasonably believe is illegal is broader under the NYSHRL than the ADA, Plaintiff's email is still not a protected activity in this context.

19, 2020) (collecting cases) ("Neither requesting a reasonable accommodation nor filing a workers' compensation claim constitute protected activities under the NYSHRL.").

Therefore, Plaintiff has not adequately plead that he engaged in protected activity under the NYSHRL so as to give rise to a NYSHRL disability discrimination claim. Defendants' motion to dismiss Plaintiff's NYSHRL retaliation claim as to AANIKA, Bhuyan, and Jorgensen is granted.

## C. Claims under the NYCHRL

Plaintiff asserts the following claims against AANIKA, Bhuyan, and Jorgensen under the NYCHRL: (1) discrimination based on disability, (2) discrimination based on sex/gender, height and weight, and (3) failure to engage in the interactive process of providing a work accommodation. *See* FAC. Defendants seek dismissal of all three claims.

The NYCHRL is to be construed more broadly than its federal and state counterparts. Therefore "courts must analyze NYCHRL claims separately and independently from any federal and state law claims." *Mihalik*, 715 F.3d at 109.

### 1. Disability Discrimination under the NYCHRL

The elements of a disability discrimination claim under the NYCHRL also track those under the ADA. *Kinneary v. City of New York*, 601 F.3d 151, 158 (2d Cir. 2010); *Pagan v. Morrisania Neighborhood Family Health Ctr.*, 12-CV-9047 (WHP), 2014 WL 464787, at *6 (S.D.N.Y. Jan. 22, 2014). "[T]he NYSHRL provides broader protection [that is, a broader definition of 'disability'] than the ADA, and the NYCHRL is broader still." *Pagan*, 2014 WL 464787, at *6; *see also Ugactz v. United Parcel Serv., Inc.*, 10-CV-1247 (MKB), 2013 WL 1232355, at *14 (E.D.N.Y. Mar. 26, 2013); *Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 541

(S.D.N.Y. 2009) (citing *Giordano v. City of New York*, 274 F.3d 740, 753 (2d Cir. 2001)) ("neither statute requires any showing that the disability substantially limits a major life activity.")).

Because "the standard for pleading a disability discrimination claim under the NYSHRL and NYCHRL is more lenient than the ADA standard," *Weekes*, 2022 WL 4291371, at *8 (citing *Jones*, 838 F. App'x at 644 n.1), to the extent that Plaintiff's claims satisfy the ADA disability discrimination standard, Plaintiff's claims under the NYCHRL also survive. Therefore, for reasons set forth above, Defendants' motion to dismiss Plaintiff's NYCHRL discrimination claim as to AANIKA and Bhuyan is denied and is granted as to Jorgensen.

**2. Sex Discrimination under the NYCHRL**

For claims accruing after the 2019 amended NYSHRL, the sex discrimination analysis under the NYCHRL is the same as the sex discrimination analysis under the NYSHRL. *See Deveaux v. Skechers USA, Inc.*, 19-CV-9734, 2020 WL 1812741, at *5 (S.D.N.Y. Apr. 9, 2020) (citing *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)); *see generally Mihalik*, 715 F.3d at 110 (explaining that to establish a sex discrimination claim under the NYCHRL, "the plaintiff need only show differential treatment—that [he] is treated 'less well'— because of a discriminatory intent."). Therefore, the Court incorporates its NYSHRL sex discrimination analysis here and concludes that Defendants' motion to dismiss Plaintiff's NYCHRL sex discrimination claim is granted as to all Defendants.

**3. Failure to Engage in Interactive Process under the NYCHRL**

Defendants argue that Plaintiff's interactive process claim should be dismissed. Plaintiff alleges that he was disabled under the NYCHRL and Defendants were required to, but did not, engage in a cooperative dialogue or interactive process with Plaintiff regarding potential accommodations. FAC ¶¶ 292-312.

25

"[W]hile failure to engage in an interactive process can serve as evidence tending to show discrimination, no independent cause of action lies under the NYCHRL for such a failure." *Kueh v. New York & Presbyterian Hosp.*, 23-CV-666 (VSB), 2024 WL 4882172, at *7 (S.D.N.Y. Nov. 25, 2024) (citing *Frilando v. New York City Transit Auth.*, 513 F. Supp. 3d 356, 365 (S.D.N.Y. 2021), ("a plaintiff cannot prevail under the . . . NYCHRL solely based on the employer's failure to engage in an interactive process" (internal quotation marks omitted)), *aff'd*, 21-169-CV, 2022 WL 3569551 (2d Cir. Aug. 19, 2022); *Wellner*, 2019 WL 4081898, at *11. Therefore, Defendants' motion to dismiss Plaintiff's failure to engage in interactive process of accommodation claim is granted.

### 4. Retaliation under the NYCHRL

The NYCHRL "forbids employers from 'retaliat[ing]' against individuals who 'request[ ] a reasonable accommodation' pursuant to the statute. N.Y.C. ADMIN. CODE § 8-107; *see also Limauro*, 2021 WL 466952, at *10 ('New York City . . . amended its Human Rights Law, effective November 11, 2019, to make clear that requesting a reasonable accommodation is a protected activity under the NYCHRL.')." *Samuels v. Urb. Assembly Charter Sch. for Computer Sci.*, 23-CV-1379 (RA), 2024 WL 4008165, at *11 (S.D.N.Y. Aug. 30, 2024). Accordingly, for the same reasons as discussed above regarding his ADA retaliation claim, *supra*, the Court finds that Plaintiff has stated a NYCHRL retaliation claim, and Defendants' motion to dismiss this claim is denied.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the FAC is granted in part and denied in part.

Defendants' motion is granted as to Plaintiff's NYSHRL discrimination claim against Jorgensen, NYSHRL sex discrimination claim against all Defendants, NYSHRL retaliation claim against all Defendants, NYCHRL disability discrimination against Jorgensen, NYCHRL sex discrimination claim against all Defendants, and NYCHRL failure to engage in interactive process claim. Accordingly, these claims are dismissed.

Defendants' motion is denied as to Plaintiff's ADA discrimination claim against AANIKA, ADA retaliation claim against AANIKA, NYSHRL discrimination claim against AANIKA, NYSHRL disability discrimination claim against Bhuyan, and NYCHRL disability discrimination claim against AANIKA and Bhuyan. Therefore, the parties shall proceed to discovery on these claims.

**SO ORDERED.**

Dated: June 28, 2025
       Brooklyn, New York

/s/_____
ORELIA E. MERCHANT
United States District Judge

27